1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10             WESTERN DIVISION

11

12 FRANK A. RUST,          ) No. ED CV 06-00576-PA (VBK)
                          )
13                          ) SECOND FINAL REPORT AND RECOMMENDATION
           Petitioner,   ) OF UNITED STATES MAGISTRATE JUDGE
14                          )
    v.                  )
15                          )
TIMOTHY E. BUSBY,[1]     )
16                          )
          Respondent.   )
17 _____)

18     This Second Final Report and Recommendation is submitted to the

19 Honorable Percy Anderson, United States District Judge, pursuant to the

20 provisions of 28 U.S.C. §636 and General Order 05-07 of the United

21 States District Court for the Central District of California.

22

23                **<u>INTRODUCTION</u>**

24     Frank A. Rust (hereinafter referred to as "Petitioner"), a

25 California state prisoner proceeding <u>pro</u> <u>se</u>, filed a "Petition for Writ

26 of Habeas Corpus by a Person in State Custody" ("Petition") pursuant to

27 _____

28      [1]    Pursuant to Fed.R.Civ.P. 25(d), the Court **HEREBY ORDERS**
Timothy Busby, Acting Warden of Ironwood State Prison, substituted in
place of Derrick L. Ollison.

28 U.S.C. §2254, on June 8, 2006.[2]  On July 11, 2006, Respondent filed a Motion to Dismiss the Petition ("MTD"), contending that the Petition should be dismissed due to Petitioner's failure to comply with the requirements surrounding successive petitions as set forth in 28 U.S.C. §2244(b)(1) and (3)(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"); that the Petition was untimely and procedurally barred.  On August 24, 2006, Petitioner filed an Opposition to the Motion to Dismiss.

On February 6, 2007, United States Magistrate Judge Victor B. Kenton issued a Report and Recommendation recommending that the Motion to Dismiss be granted and the Petition be denied and dismissed.

On March 16, 2007, Petitioner filed Objections to the Report and Recommendation.

On April 17, 2007, United States District Judge Percy Anderson issued an Order adopting the Report and Recommendation dismissing the Petition and entered Judgment.

On April 30, 2007, Petitioner filed a "Notice of Appeal/Motion for Certificate of Appealability From the District Court Judgment."  On May 23, 2007, United States District Judge Percy Anderson issued an Order Denying Certificate of Appealability.

On September 14, 2009, the United States Court of Appeals for the

---

[2]     The Court takes notice that Petitioner signed and verified his federal petition on May 18, 2006.  Under the "mailbox rule" of Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379 (1988), an incarcerated pro se prisoner's Notice of Appeal is deemed filed at the moment of delivery to prison authorities for mailing to the Court.  The "mailbox rule" has been extended to both state and federal habeas petitions for purposes of satisfying the AEDPA limitations.  See Miles v. Prunty, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999), opining in dicta that the "mailbox rule would apply to a [state prisoner's] habeas petition and that a majority of our sister circuits have determined that the rule applies to habeas petitions filed under AEDPA."

2

Ninth Circuit issued a Memorandum affirming in part the District Court's decision in <u>Frank Rust v. James Hall</u>, Case No. ED CV 04-00529-PA (VBK) dismissing the Petition on the merits, and reversing and remanding in part the District Court's decision in <u>Frank Rust v. Derrick Ollison</u>, Case No. ED CV 06-00576-PA (VBK).  The Ninth Circuit noted that while Petitioner's first Petition in Case No. ED CV 04-00529-PA (VBK) was still under submission, Petitioner filed a new Petition in Case No. ED CV 06-00576-PA (VBK).  The District Court dismissed the new Petition in Case No. ED CV 06-00576-PA (VBK) as a second and successive petition and on the grounds that it was untimely.  <u>See</u> 28 U.S.C. §§2244(b) and 2244(d).  The Ninth Circuit found that the District Court erred because when a <u>pro se</u> petitioner files a new petition before the first one is decided, the District Court must treat the new one as a motion to amend rather than as a second and successive petition.  <u>See</u> <u>Woods v. Carey</u>, 525 F.3d 886, 890 (9th Cir. 2008).  Thus, the Ninth Circuit reversed the decision in this respect; however, the Ninth Circuit did not address Respondent's assertion that the new petition in Case No. ED CV 06-00576-PA (VBK) violated a Scheduling Order as well as that it was untimely and could not relate back to the original Petition.  <u>See</u> <u>Mayle v. Felix</u>, 545 U.S. 644, 650, 125 S.Ct. 2562, 2566 (2005); <u>King v. Ryan</u>, 564 F.3d 1133, 1141 (9th Cir. 2009).  The Ninth Circuit left these contentions for the District Court to address.

On October 14, 2009, the United States Court of Appeals for the Ninth Circuit issued its Mandate.

On December 18, 2009, District Judge Percy Anderson referred the matter to Magistrate Judge Victor B. Kenton for further proceedings.

On May 6, 2010, in light of the Ninth Circuit's Memorandum, the Court ordered Respondent to file a response to the Petition in Case No.

ED CV 06-00576-PA (VBK) addressing both procedural arguments and the merits of the Petition.  The Court further advised Petitioner that he could file a response 30 days thereafter.

On June 4, 2010, Respondent filed its "Court-Ordered Response."

On June 28, 2010, Petitioner filed a "Motion for Appointment of Counsel;" "Petitioner's Response to Attorney General's Brief;" "Supplemental Authority in Support of Petitioner's Position to Issue Material on Federal Habeas Corpus Interwoven with State Law" and "Memorandum of Points and Authorities in Support of Motion on Remand."

On July 1, 2010, the Court issued a Minute Order denying Petitioner's request for appointment of counsel.

On October 20, 2010, the Court issued a Final Report and Recommendation of United States Magistrate Judge.

On November 5, 2010, Petitioner filed an "Application for Extension of Time in which to file Objections to the Report and Recommendation."

On November 10, 2010, the Court issued a Minute Order granting Petitioner an extension of time in which to file Objections to the Report and Recommendation.

On December 10, 2010, Petitioner filed documents entitled "Objections to the Magistrate Judge's Report and Recommendation; Proposed Judgment and/or Order"[3] and "Motion for Appeal, Motion for

---

[3]   Petitioner in his Objections claims that he is "actually innocent" of the crimes that occurred on October 19, 1999( assault with a deadly weapon in violation of PC §245(a)(1)) and the "priors." (Objections at 3.)  Petitioner argues that the within Petition is based upon "newly discovered and newly presented evidence" and a "miscarriage of justice" would result if the Court fails to address the merits of the Petition. (Objections at 5-8.) Petitioner submits Exhibit "A" to his Objections wherein he claims that his 1971 burglary conviction was for second degree burglary and not first degree burglary. (See Objections Exhibit A.) However, the trial court found true that Petitioner had suffered convictions for kidnapping, forced oral

4

1  Certificate of Appealability from the District Court Judgment."

2

3                          **PRIOR PROCEEDINGS**

4        Pursuant to a state jury trial, in November 2000 Petitioner was
5  convicted of assault with a deadly weapon upon victim Keith (Penal Code
6  §245(a)(1)).   The jury found true the allegation that Petitioner
7  personally used a deadly weapon (a bat) in the commission of the offense
8  (Penal Code §§12022(b)(1), 1192.7(c)(23)).  The jury also found true the
9  allegation that Petitioner inflicted great bodily injury upon victim
10 Keith (Cal. Penal Code §§12022.7(a), 1192.7(c)(8)).  The jury acquitted
11 Petitioner on charges of attempted murder (victim Keith), assault with
12 a deadly weapon (victim Barnett), and failure to register as a sex
13 offender.   During trial the prosecution had dismissed a charge of
14 possession of marijuana for sale.  Following a bench trial on the prior
15 conviction allegations the trial court found that Petitioner had
16 suffered convictions for kidnapping, forced oral copulation, and rape
17 in 1985.   In February 2001 the trial court sentenced Petitioner to
18 prison for 25-years-to-life plus 8 years.(See, Petition at 2; Reporter's
19 Transcript("RT")389,1264-69,1283-84,1303-04;Clerk's Transcript("CT")103-
20 06, 161, 179-80, 313-22, 334,341,401-02, 445, 460).

21       On May 7, 2004, Petitioner filed a "Petition for Writ of Habeas
22 Corpus by a Person in State Custody" in the United States District Court
23 for the Central District of California, which was given Case No. ED CV

24

25

26  _____

27  copulation and rape in 1985. Petitioner did not contest the 1971
    burglary conviction in his proposed Amended Petition . Further this
28  allegation along with new claims of ineffective assistance of trial and
    appellate counsel were never raised in the state courts.

                                  5

04-00529-PA (VBK).[4]   Petitioner raised the following claims: (1) the court erred in finding reasonable diligence to secure the presence of the alleged victims, Ms. Keith and Mr. Barnett; (2) admission of hearsay statements violated constitutional right to confrontation, cross-examination, due process, a fair trial; (3) the trial court and prosecutor committed error in advising jurors that they were not to consider the victims' absence from trial; (4) Evidence Code §1109, admission of character evidence to prove disposition, CALJIC No. 2.50.02 burden of proof; (5) instructing jury with CALJIC No. 17.41.1 violated constitutional right to a jury trial; (6) the prosecutor committed prejudicial misconduct during jury voir dire and closing arguments; and (7) the trial court's withholding information of the alleged victims' notarized statement and the existence of a conspiracy.

On August 5, 2004, Respondent filed a Motion to Dismiss on the grounds that Petitioner had not exhausted his claims in Grounds One and Three.   Petitioner sought a Stay to exhaust his state remedies.   The Court granted Petitioner's request for a Stay and specifically advised Petitioner that he may not include in his Amended Petition any *new* claims in addition to his existing claims.   Petitioner thereafter filed a First Amended Petition on September 22, 2005.   Respondent filed an Answer on November 4, 2005 and Petitioner filed a Traverse on December 6, 2005.

On November 29, 2006, United States Magistrate Judge Victor B. Kenton issued a Report and Recommendation recommending that the Petition be dismissed on the merits with prejudice in Case No. ED CV 04-00529-PA

---

[4]   The Court may take judicial notice of its own files and records.   See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

6

(VBK).

On January 25, 2007, United States District Judge Percy Anderson issued an Order adopting the Report and Recommendation dismissing the First Amended Petition with prejudice and entered Judgment in Case No. ED CV 04-00529-PA (VBK).

## **PETITIONER'S CONTENTIONS**

Petitioner contends the following, <u>inter alia</u>:

1.    The trial court imposed an illegal enhancement with the use
          of evidence from an acquittal at trial in Count Five.

(<u>See</u> Petition at 5.)

## **DISCUSSION**

The Ninth Circuit found that the District Court erred in dismissing Case No. ED CV 06-00576-PA (VBK) as a second and successive petition in light of <u>Woods v. Carey</u>, 525 F.3d 886, 890 (9th Cir. 2008), wherein the Ninth Circuit held that the District Court must treat a new petition that is filed before the first petition is decided as a motion to amend rather than as a second and successive petition.  The within Petition was filed prior to the Court's decision in Case No. ED CV 04-00529-PA (VBK).

Respondent contends that Petitioner should not be allowed to amend his now-final 2004 Petition with the claim now raised in his new Petition; that Petitioner's claim, that the trial court imposed an illegal sentence based on the jury's acquittal in 2000 on the sex-offender registry charge was more or less a finding that he had never committed the 1985 rape and oral copulation such that his prior crimes

1  could not serve as "strikes" to his 2000 sentence, does not state a
2  federal question, and is also barred by <u>Lackawanna County District</u>
3  <u>Attorney v. Coss</u>, 532 U.S. 394, 403-06, 121 S.Ct. 1567 (2001); that his
4  claim is procedurally defaulted in that Petitioner failed to obey a
5  Court order; and his claim is barred by the statute of limitations. (<u>See</u>
6  Respondent's "Court-Ordered Response.")

7       Petitioner contends that the new petition should be treated as a
8  motion to amend, that he did not violate a scheduling order, that his
9  claim in the new petition relates back to the original Petition and that
10 the Court should vacate his sentence and strike the trial court's
11 findings concerning the truth of the priors.

12      As noted in the Ninth Circuit's Memorandum, this Court was directed
13 to treat the new Petition as a Motion to Amend.   Under Fed.R.Civ.P.
14 15(a)(2), a party needs leave of court or the consent of the opposing
15 party to amend a pleading after a responsive document has been filed.
16 In this case, Respondent filed his Answer long before Petitioner filed
17 his new Petition.   Although leave of court should be given freely, a
18 court may deny a motion to amend if the motion is made in bad faith,
19 there would be prejudice to the opposing party, the amendment would be
20 futile or would delay the action, or if the party acted in a dilatory
21 fashion in seeking to amend.   <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83
22 S.Ct. 227 (1962); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995).
23 Bad faith may be shown when a party seeks to amend late in the
24 litigation process with claims that were or should have been apparent
25 early on.   <u>Bonin</u>, 59 F.3d at 846.   These facts might also support a
26 finding that the party acted in a dilatory fashion when seeking to
27 amend.   <u>Duggins v. Stake' N Shake, Inc.</u>, 195 F.3d 828, 834 (6th Cir.
28 1999).

In the proposed Amended Petition, Petitioner raises one claim that the trial court imposed an illegal enhancement based on the jury's acquittal in 2000 of the sex-offender registry charge which Petitioner argued was a finding that he never committed the 1985 rape and oral copulation convictions such that his prior crimes in 1985 could not serve as "strikes" to his 2000 sentence.  Petitioner was aware, or should have been aware, of this claim when he filed his Petition in 2004, Case No. ED CV 04-00529-PA (VBK).  In that  Petition, Petitioner raised seven claims.  Respondent filed a Motion to Dismiss contending that two of the claims were unexhausted.  The Court issued a Minute Order finding that the Petition was a "mixed petition" and provided Petitioner with the option of requesting a Stay to return to state court to exhaust these claims.  The Court advised Petitioner that should he pursue a Stay, he may not include any new claims in addition to the existing claims in his Petition. (Case No. 04-00529-PA (VBK) [Docket No. 16].) Petitioner requested a Stay of the proceedings to exhaust two of the unexhausted claims which was granted by the Court.

Petitioner filed an Amended Petition in Case No. ED CV 04-00529-PA (VBK) on September 22, 2005; Respondent filed an Answer on November 4, 2005 and Petitioner filed a Traverse on December 6, 2005.

Some time thereafter, Petitioner filed a third state habeas petition in the California Supreme Court raising his claim that the trial court imposed an illegal enhancement.  Petitioner fails to explain why this claim regarding the trial court's imposition of an illegal enhancement was not raised originally in 2004.  Further, as noted in the Court's August 9, 2004 Minute Order in Case No. 04-00529-PA (VBK) [Docket No. 16], Petitioner was advised that if he was granted a Stay he would not be able to add new claims in addition to the existing

9

claims in his Petition.  Petitioner advised the Court that he wanted a Stay and the Court granted him a Stay.

Petitioner also has failed to provide a satisfactory explanation for waiting from 2004 until 2006 in order to seek leave to "amend his Petition." Additionally, Respondent has already been prejudiced by having fully litigated, on the merits the Petition in Case No. ED CV 04-00529-PA (VBK); thus, Petitioner has failed to present to the Court reasons sufficient for the Court to require Respondent to litigate Petitioner's conviction a second time.

Therefore, construing the instant Petition as a Motion to Amend, the Court, for all the reasons set forth above, recommends denial of the Motion to Amend.

**A.    Alternatively, the Within Petition Is Untimely and Is Barred by the Supreme Court's Decision in Lackawanna Co. Dist. Attorney v. Coss.**[5]

**1.    The Petition is Untimely.**

Since the Petition was filed after the President signed into law the AEDPA on April 24, 1996, the Court's consideration of the Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by the AEDPA. See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert.

---

[5]    Lackawanna Co. Dist. Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567 (2001).

<u>denied</u>, 522 U.S. 1099 and 523 U.S. 1061 (1998).[6]  That section provides:

"(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."


Petitioner made several filings in the California Supreme Court;

_____

[6]  <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998)(en banc), <u>cert.</u> <u>denied</u>, 119 S. Ct. 1377 (1999).

however, he made no attempt to exhaust the new claim he brings in the within Petition until June 20, 2005.  This was three and one-half years after Petitioner filed a Petition for Review in the California Supreme Court on January 29, 2002, which that Court denied on March 13, 2002.  (See Lodgment no. 2 of ED CV 04-00529-PA(VBK).)It was over two years after Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court on April 28, 2003, which that Court denied on March 24, 2004. (See Lodgment No. 3 of ED CV 04-00529-PA(VBK).) Petitioner had until June 13, 2003, one year (plus 90 days) from the date the California Supreme Court denied his Petition for Review to file a Federal Petition. Although Petitioner filed two subsequent habeas corpus petitions in the California Supreme Court, those petitions did not contain Petitioner's instant claim, and thus did not toll his time.

In Carey v. Saffold, 536 U.S. 214, 222, 122 S.Ct. 2134(2002), the United States Supreme Court held that a federal habeas corpus petitioner is normally entitled to "one full round" of collateral review, and while that full round is properly in progress, AEDPA's one-year statute is tolled.  The Court explained that such interpretation protects "the principles of 'comity, finality and federalism', by promoting the 'exhaustion of state remedies while respecting the interests in the finality of state court judgments'".  Carey v. Saffold, 536 U.S. at 222, quoting Duncan v. Walker, 522 U.S. 167, 178, 121 S.Ct. 2120 (2001).

However, Petitioner's most recent petition in the California Supreme Court filed on June 25, 2005 represented a "new round" of state habeas corpus petitions, as the claim it presented was not included in prior habeas corpus petitions filed in the California Supreme Court. The time limitations of §2244(d)(1)(A) were not tolled by this new filing because it amounted to a completely "different application."  See

12

1  <u>Welch v. Carey</u>, 350 F.3d 1079 (9th Cir. 2003).

2      Furthermore, Petitioner's June 20, 2005 habeas corpus petition was

3  denied by the California Supreme Court on May 10, 2006 with citations

4  to <u>In Re Clark</u>, 5 Cal.4th 750 (1993); <u>In Re Robbins</u>, 18 Cal.4th 770, 780

5  (1998); <u>In Re Dixon</u>, 41 Cal.2d 756 (1953); and <u>In Re Lindley</u>, 29 Cal.2d

6  709 (1947).   The Court's pinpoint citations to <u>Clark</u> and <u>Robbins</u> stand

7  for the proposition that petitions for writs of habeas corpus which are

8  untimely and filed without good cause, do not fall within the exception

9  to the time limits rule and will be procedurally barred.   <u>In Re Robbins</u>,

10 18 Cal.4th at 780-781; <u>In Re Clark</u>, 5 Cal.4th at 786-787.   State habeas

11 petitions that are ruled untimely in state courts are not properly filed

12 petitions within the meaning of AEDPA's §2244(d)(2) and hence could not

13 have served as tolling devices even had the statute of limitations not

14 expired prior to their filing.   <u>See Pace v. DiGuglielmo</u>, 544 U.S. 408,

15 415-416, 125 S.Ct. 1807 (2005).   Accordingly, the within Petition is

16 untimely and is barred by 28 U.S.C. §2244(d).[7]

17

18      [7]    Furthermore, the 2006 Proposed Amended Petition would not
relate back to the 2004 Petition. Under Federal Rule of Civil Procedure
19 15(c), a petitioner's amendments made after the limitation period has
run will "relate back" to the date of the original petition if the new
20 claims "arose out of the conduct, transaction, or occurrence set out --
or attempted to be set out -- in the original pleading."   In order for
21 a claim added by amendment to relate back, the claims must arise from
the same "core facts" as the timely filed claims.   <u>Mayle v. Felix</u>, 545
22 U.S. 644, 657 (2005).   An amended habeas petition does not relate back
to the date of an initial petition when it asserts a new ground for
23 relief supported by facts that differ in both time and type from those
set forth in the initial petition.   <u>Id.</u>
24      Here, Petitioner's claim that the trial court imposed an illegal
enhancement with the use of evidence from an acquittal at trial in
25 Count Five does not relate back to Petitioner's original timely filed
Petition.   This claim cannot relate back to the 2004 Petition because
26 it concerns different operative facts than those claims.   <u>See King v.</u>
<u>Ryan</u>, 564 F.3d 1133, 1141-43 (9th Cir. 2009).   The original Petition
27 contained the following claims: (1) the court erred in finding
reasonable diligence to secure the presence of the alleged victims, Ms.
28 Keith and Mr. Barnett; (2) admission of hearsay statements violated

13

2.  **Petitioner's Attempts to Litigate the Validity of the Prior Conviction Is Barred by the Supreme Court's Decision in Lackawanna Co. Dist. Attorney v. Coss**.

Even if Petitioner's claim was timely, it would still fail on the merits.

As noted in October 1999, Petitioner, who had prior convictions for a 1985 rape and oral copulation, beat his girlfriend with a baseball bat when he saw her talking with another man.  Jurors acquitted Petitioner of an assault against the other man and of failing to register as a sex offender, but they convicted him of assaulting the girlfriend with the bat.  Petitioner received a third strike sentence of 25 years to life, plus eight years.

Petitioner, in the within Petition, argues that the jury's acquittal in 2000 on the sex offender registry charge was, more or less, a finding that he had never committed the 1985 rape and oral copulation such that his prior crimes could not serve as "strikes" to enhance his 2000 sentence.  Petitioner's claim, however, is foreclosed by the Supreme Court's Decision in <u>Lackawanna Co. Dist. Attorney v. Coss</u>, 532 U.S. 394, 403-06, 121 S.Ct. 1567 (2001).  The <u>Lackawanna</u> court noted:

"[O]nce a state conviction is no longer open to direct

---

constitutional right to confrontation, cross-examination, due process, a fair trial; (3) the trial court and prosecutor committed error in advising jurors that they were not to consider the victims' absence from trial; (4) Evidence Code §1109, admission of character evidence to prove disposition, CALJIC No. 2.50.02 burden of proof; (5) instructing jury with CALJIC No. 17.41.1 violated constitutional right to a jury trial; (6) the prosecutor committed prejudicial misconduct during jury voir dire and closing arguments; and (7) the trial court's withholding information of the alleged victims' notarized statement and the existence of a conspiracy.  The claim that the trial court imposed an illegal enhancement was not initially alleged in the original Petition or First Amended Petition and does not arise from a common core of operative facts.  Accordingly, this claim does not relate back.

14

or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. [Citation.]   If that conviction is later used to enhance the criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under §2254 on the ground that the prior conviction was unconstitutionally obtained."

(532 U.S. at 403-04.)

Under Lackawanna, a habeas petitioner may challenge a prior conviction used to enhance the petitioner's current sentence only where: (1) there was a failure to appoint counsel in violation of the Sixth Amendment; or (2) the petitioner cannot be faulted for failing to obtain a timely review of the constitutional claim, either because the state court, without justification, refused to rule on a constitutional claim properly presented to it, or because the petitioner uncovered "compelling evidence" of his innocence after the time for review had expired that could not have been timely discovered.   Lackawanna, 532 U.S. at 403-05.

The purpose of such a ruling is to protect the finality of convictions and to ease administration.   See Lackawanna Co. Dist. Attorney v. Coss, 532 U.S. 394, 402 (2001).

Here, Petitioner has neither alleged nor proven any of the exceptions permitted by Lackawanna, nor are any such exceptions apparent from the record.   Instead, Petitioner challenges the validity of his 1985 conviction.  Petitioner's challenge to the constitutionality of his state court proceeding is not properly raised in the within Petition.

15

**B.    Petitioner's Claim of Actual Innocence Fails**.

Petitioner contends that the Court should review the merits of his claims under a theory of "actual innocence"[8] and a "miscarriage of justice" will result if the Court does not address Petitioner's claim.(See Objections at 3-8.) In Johnson v. Knowles, 541 F.3d 933, 934 (9th Cir. 2008), the Ninth Circuit examined the proposition that a "miscarriage of justice excuses an untimely filed habeas petition." The Ninth Circuit held that the "miscarriage of justice exception is limited to those extraordinary cases where the petitioner asserts his innocence and establishes that the Court cannot have confidence in the contrary finding of guilt." Id. at 937.

The miscarriage of justice doctrine provides that a federal habeas petitioner unable to establish "cause and prejudice" sufficient to excuse a procedural default "may obtain review of his constitutional claims only if he falls within the narrow class of cases ... implicating a fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 314-15, 115 S.Ct. 851 (1995).  As a corollary, "[a] claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred

---

[8]    Neither the United States Supreme Court nor the Ninth Circuit has addressed whether a habeas petitioner's demonstration of probable innocence may excuse his non-compliance with the AEDPA statute of limitations.  See Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002)(declining to answer whether "surviving the rigors of this gateway [under Schlup v. Delo, 513 U.S. 298, 314-15, 115 S.Ct. 851(1995)] has the consequence of overriding AEDPA's one-year statute of limitations").
    On February 8, 2011, the Ninth Circuit granted rehearing en banc in Lee v. Lampert, 610 F.3d 1125, 1133 (9th Cir. 2010), rehearing granted, 633 F.3d 1176 (9th Cir. 2011), to review a panel decision holding that the "actual innocence" exception to the statute of limitations does not exist.  As per the Order of the Ninth Circuit, the panel decision shall not be cited as precedent and relief via the actual innocence gateway is not foreclosed.

constitutional claim considered on the merits." <u>Herrera v. Collins</u>, 506 U.S. 390, 404, 113 S.Ct. 85 (1993). Petitioner bears the burden of showing that it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." <u>Id</u>. at 327, 329.  In other words, Petitioner must show that constitutional error has probably resulted in a conviction of one who is actually innocent. <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)

The actual innocence standard "is demanding and permits review only in the 'extraordinary' case."  <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S.Ct. 2064 (2006).  Petitioner must " demonstrate that more likely than not, in light of ... new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." <u>Id</u>.  Petitioner must present "new reliable evidence." <u>Id</u>. at 537.  Based on the record which includes all of the evidence, both old and new, incriminating and exculpatory, "the Court must make a probalistic determination about what reasonable, properly instructed jurors would do." <u>Id</u>. at 538. The Court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors.

Petitioner here does not meet the "stringent showing" required by actual innocence.  He contends that he is actually innocent of the crimes that occurred on October 19, 1999 of assault with a deadly weapon and also argues his innocence to the  "priors." (<u>See</u> Objections at 3.)In support of this claim Petitioner attaches documents relating to a 1971 burglary conviction. However, this new evidence does not demonstrate that no reasonable juror would find him guilty beyond a reasonable doubt of assault with a deadly weapon or the prior 1985 convictions for kidnapping, forced oral copulation and rape.  In the absence of any

17

evidence that makes it more likely than not that no reasonable juror would have convicted Petitioner, see Schlup, 513 U.S. at 324; House v. Bell, 547 U.S. 518 (2006), his claim of a miscarriage of justice unnecessarily fails and therefore cannot be used to excuse his untimeliness.

## RECOMMENDATION

For all the foregoing reasons, it is recommended that the District Court issue an Order: (1) approving and adopting this Second Final Report and Recommendation; (2) denying Petitioner's Motion to Amend Case No. ED CV 04-00529-PA (VBK); and (3) denying and dismissing the Petition with prejudice.


DATED: July 20, 2011 _____/s/_____
                                    VICTOR B. KENTON
                                    UNITED STATES MAGISTRATE JUDGE


## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but are subject to the right of any party to timely file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges, and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.